JOHN LEISHMAN *vs.* JOSEPH B. WHITE & another.

Eviction of a tenant by his landlord from a part of the premises demised by a written lease for one entire rent, is a bar to any claim for rent under the lease, or for use and occupation of the demised premises.

CONTRACT. The first count was for use and occupation of a tenement hired of the plaintiff by the defendants. The second count was for one quarter's rent of the same tenement. An-other count afterwards filed set forth a lease by the plaintiff to the defendants of a hotel in Medford, near Spot Pond, with the lands adjoining, and an island in the pond, for five years, at the yearly rent of two hundred and fifty dollars, payable quarterly. The answer, among other defences, set forth an eviction of the defendants by the lessor from a portion of the premises.

At the trial in the superior court, the defendants offered evi-dence to prove that the plaintiff had evicted the defendants from a portion of the premises; but *Vose,* J. ruled that such eviction, if proved, would only bar the plaintiff's claim *pro tanto*, and that he might still recover a proportionate share of the rent, according to the ratable value of the portion of the premises from which the defendants were not evicted; and a verdict was accordingly returned for the plaintiff, and the defendants alleged exceptions.

*C. M. Ellis*, for the defendants.

*A. V. Lynde*, for the plaintiff.

BIGELOW, C. J. This action cannot be maintained if the defendant proves that he has been evicted from a part of the demised premises by the plaintiff. In such case, no recovery can be had on the covenant to pay rent, because the defendant has been deprived of the beneficial enjoyment of a portion of the estate by the tortious act of the lessor, and the covenant being entire cannot be severed or apportioned so as to allow the plaintiff to recover a part of the rent reserved by the lease. *Shumway* v. *Collins*, 6 Gray, 232.

Nor can an action for use and occupation of the premises be

maintained against the defendant. The lease is not terminated by the unlawful eviction of the lessee. He still continues to occupy that part of the estate from which he has not been evicted, under and by virtue of the demise under seal. No implied promise arises to pay for such occupation and enjoyment. The case therefore stands thus : to the claim on the covenant, the answer is the eviction ; to the demand for use and occupation, the answer is that the defendant holds under his lease ; so that, in neither aspect of the case, can the plaintiff maintain his action. *Fuller* v. *Ruby*, 10 Gray, .

*Verdict set aside.*